UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

NAKELA MCGHEE, *et al.*,

      Plaintiffs,                        Case No. 3:19-cv-143

vs.

DR. DAWN LIGHT, *et al.*,              District Judge Walter H. Rice
                                      Magistrate Judge Michael J. Newman

      Defendants.

---

**REPORT AND RECOMMENDATION[1] THAT: (1) *PRO SE* PLAINTIFFS' COMPLAINT BE DISMISSED WITHOUT PREJUDICE; AND (2) THIS CASE BE CLOSED ON THE COURT'S DOCKET**

---

This civil case is before the Court for a *sua sponte* review -- pursuant to 28 U.S.C. § 1915(e)(2) -- of the complaint filed by *pro se* Plaintiffs Nakela McGhee and Patrick Wilkerson. Plaintiffs filed their motion for leave to proceed *in forma pauperis* ("IFP") on May 13, 2019 (doc. 1), which the Court granted.   Doc. 2.  The Court, however, held service of the complaint pending review under § 1915(e)(2).  Doc. 3.  It is appropriate for the Court to conduct this review *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints."[2]  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

## I.

In accordance with 28 U.S.C. §1915(e)(2), this Court must perform an initial review of the instant action.  *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997).  Upon review, the Court must dismiss any case it determines is "frivolous or malicious," fails to state a claim

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Though not served, the Clerk of Courts shall provide a copy of this Report and Recommendation to Defendants at the address referenced in *pro se* Plaintiff's complaint.

upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A complaint should be dismissed as frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke*, 490 U.S. at 325. A plaintiff sets forth no arguable factual basis where the allegations asserted are "fantastic or delusional"; and presents no arguable legal basis when advancing "indisputably meritless" legal theories, *i.e.*, when the defendant is immune from suit, or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Courts may also dismiss a complaint *sua sponte* for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

In conducting this initial review under § 1915, the Court accepts *pro se* Plaintiffs' allegations as true and construes them liberally in their favor. *See Donald v. Marshall*, No. 84-3231, 1985 WL 13183, at *1 (6th Cir. Apr. 5, 1985) (stating that, "[w]hen considering a *pro se* action for dismissal pursuant to 28 U.S.C. § 1915(d), the complaint should be liberally construed and the allegations of the complaint must be taken as true and construed in favor of the plaintiff"). However, while *pro se* pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), *pro se* plaintiffs must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II.

Plaintiffs allege that Defendants -- all of whom are doctors at Dayton Children's Hospital -- falsely claimed that Plaintiffs' daughter received treatment for injuries and that Defendants improperly received insurance payments from the federal government as a result of Defendants' fraudulent reporting of treatment that never occurred. Doc. 1-1 at PageID 6. For instance,

Plaintiffs allege that their daughter's medical records reflect treatment on September 19, 2016, a date they allege their daughter was not at Dayton Children's Hospital for any treatment. *Id.* In this regard, Plaintiffs purport to assert state law claims of medical malpractice and fraud, as well federal claims alleging violations of the False Claims Act. Doc. 1-2 at PageID 9.

**III.**

"The bedrock principle of the federal judicial system is that federal courts are courts of limited jurisdiction." *EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x 340, 344 (6th Cir. 2008). Because federal courts are courts of limited jurisdiction, courts must presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Farmer v. Fisher*, 386 F. App'x 554, 556 (6th Cir. 2010) (citation omitted). Thus, "[a] plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction." *Vaughn v. Holiday Inn Cleveland Coliseum*, 56 F. App'x 249, 250 (6th Cir. 2003).

"Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when the case raises a federal question or when diversity of citizenship exists between the parties." *EBI-Detroit, Inc.*, 279 F. App'x at 344 (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"); 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -- citizens of different States"). Here, Plaintiffs set forth no allegations to show that this Court possesses diversity jurisdiction over this action under 28 U.S.C. 1332(a)(1), but they do seek to invoke the Court's federal question jurisdiction by asserting claims under the False Claims Act, 31 U.S.C. § 3729, *et seq*. *See* doc. 1-2 at PageID 9.

The False Claims Act "prohibits any person from making false or fraudulent claims for payment to the United States." *Graham Cnty. Soil & Water Conservation Dist. v. U.S. ex rel. Wilson*, 545 U.S. 409, 411 (2005) (citing 31 U.S.C. § 3729). Originally, the False Claims Act set "forth two principal enforcement mechanisms for policing this proscription." *Id.* "First, the Attorney General may sue to remedy violations of [31 U.S.C.] § 3729" and, "[s]econd, private individuals may bring *qui tam* actions in the Government's name for § 3729 violations." *Id.* at 411-12 (citing 31 U.S.C. §§ 3730(a), (b)(2)). "The 1986 amendments to the FCA created a third enforcement mechanism: a private cause of action for an individual retaliated against by his employer for assisting an FCA investigation or proceeding." *Id.* at 412 (citing 31 U.S.C. § 3730(h)). At best, Plaintiffs here appear to seek to enforce the False Claims Act under the second enforcement mechanism, *i.e.*, a *qui tam* action.

However, "this Court lacks subject matter jurisdiction to hear a *qui tam* action brought on behalf of the United States by a *pro se* litigant." *Brantley v. Title First Titling Agency*, No. 1:12-CV-608, 2012 WL 6725592, at *3 (S.D. Ohio Sept. 27, 2012), *report and recommendation adopted*, No. 1:12CV608, 2012 WL 6725591 (S.D. Ohio Dec. 27, 2012). "Although the FCA does not expressly address whether a private individual can bring a *qui tam* suit *pro se*, the courts that have considered the issue have uniformly held that *pro se* relators may not prosecute *qui tam* actions." *Id.* (citing *Jones v. Jindal*, 409 F. App'x 356 (D.C. Cir. 2011) ("[A] *pro se* plaintiff may not file a *qui tam* action pursuant to the False Claims Act"); *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008) ("Because relators lack a personal interest in False Claims Act *qui tam* actions, we conclude that they are not entitled to proceed *pro se*"); *Timson v. Sampson*, 518 F.3d 870, 873–74 (11th Cir. 2008) ("The absence of an explicit authorization for *qui tam* suits to be brought *pro se* could indicate . . . an intention by Congress that *qui tam* suits be brought according to § 1654 and 'the established procedure which requires that only one licensed to

practice law may conduct proceedings in court for anyone other than himself'"); *Stoner v. Santa Clara Cnty. Office of Educ.*, 502 F.3d 1116, 1126-27 (9th Cir. 2007) ("Because *qui tam* relators are not prosecuting only their 'own case' but also representing the United States and binding it to any adverse judgment the relators may obtain, we cannot interpret § 1654 as authorizing *qui tam* relators to proceed *pro se* in FCA actions"); *U.S. ex rel. Brooks v. Lockheed Martin Corp.*, 237 F. App'x 802, 803 (4th Cir. 2007) ("A lay person may not bring a *qui tam* action under the False Claims Act")) (other citations omitted).

Based on the foregoing, the Court lacks jurisdiction to proceed on the only federal claim set forth in *pro se* Plaintiffs' complaint. Absent a viable federal claim -- or diversity of citizenship -- the Court should decline to exercise supplemental jurisdiction and dismiss Plaintiffs' state law claims for medical malpractice and fraud without prejudice to refiling those claims in the state court. *See* 28 U.S.C. § 1367; *see also Booker v. City of Beachwood*, 451 F. App'x 521, 522-23 (6th Cir. 2011) ("Once [a] district court dismisse[s] all of the claims over which it ha[s] original jurisdiction, it act[s] squarely within its discretion by declining supplemental jurisdiction over the remaining [state law] claim[s] and dismissing [them] without prejudice").

## IV.

Accordingly, the undersigned **RECOMMENDS** that: (1) *pro se* Plaintiff's complaint be dismissed; and (2) this action be **TERMINATED** on the Court's docket.


Date:   May 15, 2019                              s/ Michael J. Newman
                                                 Michael J. Newman
                                                 United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).